PETER W. SCHMITZ, RESPONDENT, *v.* THE UNION ELEVATED RAILROAD COMPANY OF BROOKLYN, APPELLANT.

*Elevated railroad in city streets — when the court should not interfere with the route, curves or method adopted by it.*

Upon an appeal from a decree requiring the defendant to change the curve of its elevated railroad running from Flatbush to Hudson avenue, in the city of Brooklyn, it appeared that the route of the defendant's railroad, as proposed, ran through Flatbush avenue, to and across Fulton street, to connect with a road on Hudson avenue, and that, as Flatbush avenue was not on the line of continuation with Hudson avenue, a considerable curve was needed to get from one avenue to the other.    The proposed route encroached upon the sidewalk in the front of premises owned by the plaintiff, and cut off a piece of the house on the corner of Fulton street and Hudson avenue.    This house had been purchased by a construction company because the city authorities had withheld their permission to the company to construct the road for the reason that the proposed route took a part of this house.

It was claimed by the plaintiff that by cutting deeper into this house the railroad could, without difficulty, be constructed wholly upon the roadway and not encroach upon the sidewalk in front of the plaintiff's premises.

*Held,* that, even if this were the fact, a case was not made in which a court of equity could properly compel the railroad to do so.

That, as the radius of the curve was left by the judgment the same as proposed by the company, no good reason was shown why a greater part of the house should be taken to save a piece of a sidewalk, as compensation for any injury sustained would be made in either case.

That the fact that the house belonged to a car-stable company, or even to a railroad company, had no controlling or even appreciable weight in the controversy.

That, under all the circumstances of this case, it was not proper that this court should interfere with the route or method proposed by the defendants, and that while a general jurisdiction may be assumed, yet the grade and safety of a railroad, especially one elevated on iron columns in a street, should not be lightly interfered with by courts.

APPEAL from a decree made at Special Term, and entered in the office of the clerk of the county of Kings on the 7th of May, 1888, requiring the defendant to change the curve of its elevated railroad running from Flatbush to Hudson avenue in the city of Brooklyn.

By the defendant's articles of association it was authorized to construct an elevated railroad through Fifth and Flatbush avenues to and across Fulton, connecting with a road through Hudson avenue, from Fulton to Park, with the usual and necessary curves, connections, etc. It received the consent of the local authorities by resolution of the common council on July 22, 1886, and on December 13, 1886, the consent of the General Term in lieu of that of the property holders. After a survey lasting six months, it completed in December, 1888, a plan locating its exact line with the columns, etc.

In the same month it filed a map with the department of public works according to this plan, showing the location of the columns for its structure upon the entire route through Hudson, Flatbush and Fifth avenues, including two posts on the sidewalk in front of the plaintiff's premises, and other corresponding posts in the roadway.

While the form of the action is to enjoin the construction of the road in the streets, its gravamen is contained in the allegations of the complaint that the railroad can, without difficulty, be constructed wholly over the roadway and not encroach upon the sidewalk in front of plaintiff's premises, as shown by the lines upon a diagram

annexed to the complaint, and that the construction and operation of the railroad as it was being built by the defendant, was in violation of the charter and contrary to the law.

*Wingate & Cullen*, for the appellant.

*Herman W. Schmitz*, for the respondent.

BARNARD, P. J.:

The defendant's railroad, as proposed, runs from Flatbush avenue across Fulton street to connect with a road on Hudson avenue. The plaintiff owns lands fronting on the open space at the junction of Flatbush avenue and Fulton street, on which is a valuable building. The road is proposed to be built over the sidewalk on the rear of this building; not so far as to touch the stone, but still so near as to leave a few feet only between the side of a car on the track and the building. The question is, whether this can be done. No question is made as to the right of the defendant to build its road. The charter plan of the defendant's road is that it shall be built "as far from the house line as the method of construction adopted will permit." The point is, therefore, one of railroad building only. The maps of the part in question show a peculiar situation. Flatbush avenue is not on a line of continuation with Hudson avenue, but a considerable curve is needed to get from one avenue to the other. The proposed road, as has been stated, crosses the sidewalk in front of plaintiff's house at the junction of Flatbush avenue and Fulton street, and cuts off a piece of a house on the corner of Fulton street and Hudson avenue. The principle of the judgment is that by cutting deeper into the house the sidewalk can be saved. If this be the fact, there does not seem to be a case made for a court of equity. The radius of the curve being the same, neither in a public or private view is any good reason given why a greater part of a house shall be taken to save a piece of a sidewalk. Compensation for any injury will be made in either case. The fact that the house belongs to a car-stable company, or even to a railroad company, has no controlling or even appreciable weight in the controversy. It was purchased to build the road, as projected, over the sidewalk, and after the plan was adopted; and the question is one to be decided on other grounds than the present ownership of the Hudson

avenue corner. The possibility of a lesser radius is out of the case, for the radius is left the same by the judgment as proposed by the company; a lesser one is found practicable, and that is all. The city authorities withheld their permit because the proposed route took a part of the house, and the construction company bought the property to avoid the trouble as to the permit. The strict law would save the house entirely, and the partial destruction of it to make a better road should not be extended by judgment decree beyond the point the owner agrees to destroy it. The right to go over a sidewalk is given to make a proper and safe road. Under all the circumstances of this case, it is not proper that this court should interfere with the route and method proposed by the defendant. While a general jurisdiction may be assumed, yet the grade and safety of a railroad, especially one elevated on iron columns in a street, should not be lightly interfered with by courts, and the Court of Appeals intimate a doubt whether, under the law, a railroad cannot fix its own curves and grades. (*People* v. *N. Y. C. and H. R. R. R. Co.*, 74 N. Y., 302).

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.